IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMIE LEANN LEWIS                                                                                              PLAINTIFF
ADC #752331

v.                                                4:22-cv-00099-LPR-JJV

DOES                                                                                                              DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.    INTRODUCTION

Jamie LeAnn Lewis ("Plaintiff") is a prisoner in the Arkansas Division of Correction. In February 2022, she sent the Court a letter that was docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff says that while she was housed in the Saline County Detention Center from December 8, 2021 until sometime in February or March of 2022, unspecified individuals did not provide masks to prevent the spread of Covid-19, refused to provide free testing for that disease, and failed to quarantine sick individuals. (*Id*.) After careful consideration and for the following reasons, I recommend the Complaint be dismissed without

prejudice for failing to state a claim upon which relief may be granted.[1]

First, all plaintiffs must have standing to bring a claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If "a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). To establish standing, a plaintiff must show she suffered an injury in fact that is fairly traceable to the conduct of the defendant and "the injury will be redressed by a favorable judgment." *Lujan,* 504 U.S. at 560-61. Plaintiff does not say she contracted Covid-19 or that she was otherwise injured while at the Saline County Detention Center. Thus, she does not have standing to bring her claim.

Second, Plaintiff has not named any Defendants.[2] There is no vicarious liability in § 1983 actions. This means jail supervisors and Saline County cannot be held liable for constitutional violations that may have been committed by their subordinates or employees. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (to state a plausible § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (counties can be held liable in a § 1983 action if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] For docketing purposes, the Clerk of Court listed "Does" as the Defendants. But, Plaintiff did not name any defendants in her letter.

Plaintiff has not provided any facts explaining how Saline County or any jail employees caused the alleged constitutional violations.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given her thirty days to file an Amended Complaint curing them, and advised her I would recommend dismissal if she failed to do so. (Doc. 6.) Plaintiff has not filed an Amended Complaint, and the time to do so has expired.

## II.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."